IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **Hyper Ice, Inc. and Hyperice IP Subco, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A,**<br><br>Defendants. | Case No. 1:24-cv-21791-RKA<br><br>Honorable Judge Roy K. Altman |

## RESPONSE IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

Defendants Achedaway and Recoverfun (collectively, "Defendants") file this response in opposition to Plaintiffs Hyper Ice, Inc. and Hyperice IP Subco., LLC.'s ("Plaintiffs" or "Hyper Ice") Motion for Preliminary Injunction (*See* Dkt. No. 31) (the "Motion"). Plaintiff's Motion should be denied as there exists no threat of irreparable harm to Plaintiffs as Achedaway ceased selling the accused products in April of 2024, before Plaintiffs filed this lawsuit and Recoverfun ceased selling once it received notice. Second, Plaintiffs cannot demonstrate a likelihood of success on the merits as Defendants' U.S. Patent No. 11,857,482 (the "Asserted Patent") is invalid as anticipated and/or obvious in light of the prior art. Finally, even if Plaintiffs could meet the standard required for a temporary restraining order, the preliminary injunction should be denied as it seeks an asset restraint which is prohibited by controlling law and this Court should enter an order requiring that Amazon release any restraints placed on Defendant's assets.

### I. ARGUMENTS AND AUTHORITIES

#### a. The Injunction Should be Denied

In patent cases, granting or denying an injunction under 35 U.S.C. § 283 is within the district court's sound discretion. *See Abbott Labs. v. Andrx Pharm., Inc.*, 452 F.3d 1331, 1334 (Fed. Cir. 2006) (citing *Amazon.com, Inc. v. Barnesandnoble.com*, 239 F.3d 1343, 1350 (Fed. Cir. 2001)). The issuance of a preliminary injunction order is "a drastic and extraordinary remedy that is not to be routinely granted." *Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993). A preliminary injunction may issue only upon a finding that: (1) the plaintiff has a reasonable likelihood of success on the merits; (2) the plaintiff has suffered irreparable injury; (3) the balance of the hardships to the parties weighs in favor of injunction; and (4) the public interest would not be disserved by an injunction. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Luminara Worldwide, LLC v. Liown Elecs. Co. Ltd.*, 814 F.3d 1343, 1352 (Fed. Cir. 2016); *Abbott Labs.*, 452 F.3d at 1335. "A movant cannot be granted a preliminary injunction unless it establishes both of the first two factors, *i.e.*, likelihood of success on the merits and irreparable harm." *Amazon.com*, 239 F.3d at 1350 (Fed. Cir. 2001) (emphasis in original). Furthermore, there is no longer an "express presumption of irreparable harm upon a finding that a plaintiff [is] likely to succeed on the merits of a patent infringement claim." *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1148 (Fed. Cir. 2011) (discussing *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006)).

Irreparable harm is harm that no monetary damages, however great, could address. Price erosion, loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm. *Celsis In Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012). However, there must be "a nexus between the asserted infringement and the market injury. . . ." *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 678 F.3d 1314, 1324 (Fed. Cir. 2012). A "mere showing" that a party "might lose some insubstantial market share as a result of [the]

infringement is not enough." *Id*. at 1324-25.  "Irreparable harm lies only where injury cannot be undone by monetary damages." *Paice LLC v. Toyota Motor Corp.*, No. 2:04-CV-211-DF, 2006 WL 2385139, at *5 (E.D. Tex. Aug. 16, 2006).  Furthermore, irreparable injury cannot be established by potential lost sales alone. *See Abbott Labs.*, 452 F.3d at 1335. Instead, a party "seeking injunctive relief must make 'a clear showing' that it is at risk of irreparable harm, which entails showing 'a likelihood of substantial and immediate irreparable injury.'"  *Id*. at 1325 (quoting *Winter Nat.*, 555 U.S. at 22).

With respect to demonstrating likelihood of success on the merits in a patent case, the plaintiff must show: "that it will likely prove infringement of one or more claims" and "that at least one of those same allegedly infringed claims with also likely withstand validity challenges." *Wireless Agents, LLC v. Sony Ericsson Mobile Communications*, 390 F. Supp. 2d 532, 535 (N.D. Tex. 2005) (citing *Amazon.com.*, 239 F.3d at 1350).  If the defendant raises a substantial question with respect to infringement or validity, the injunction cannot issue.  *See Abbott Labs.*, 452 F.3d at 1335 (citing *Amazon.com* 239 F.3d 1343, 1350 (Fed. Cir. 2001)).  The presumption of validity does not relieve a patentee who moves for a preliminary injunction from carrying the nominal burden of demonstrating that it will likely succeed on all issues at trial, even when the issue concerns the patent's validity.  *New England Braiding Co., Inc. v. A.W. Chesterton Co.*, 970 F.2d 878, 882 (Fed. Cir 1992).  Despite the presumption of validity, "at the preliminary injunction stage, because of the extraordinary nature of the relief, the patentee carries the burden of showing likelihood of success on the merits with respect to the patent's validity, enforceability, and infringement." *Nutrition 21 v. U.S.*, 930 F.2d 867, 869 (Fed. Cir. 1991).  The patentee must make a "clear showing" that it is likely to prevail at trial.  *Atlas Powder Co. v. Ireco Co.*, 773 F.2d 1230, 1233 (Fed. Cir. 1985).  If the accused infringer raises a "substantial question" concerning validity,

enforceability or infringement (that is, asserts a defense that the patentee cannot prove "lacks substantial merit"), then the preliminary injunction should not issue. *Genentech, Inc. v. Novo Nordisk*, 108 F.3d 1361, 1364 (Fed. Cir 1997); *National Steel Car, Ltd. v. Canadian Pacific Railway, Ltd.*, 357 F.3d 1319, 1325 (Fed. Cir. 2004).

With respect to the third factor, balancing, the court must consider the nature of the hardships alleged. A plaintiff may persuasively demonstrate hardships on its part, but if the defendant demonstrates greater hardships, the balance weighs against an injunction. *See, e.g.*, *z4 Technologies, Inc. v. Microsoft Corp.*, 434 F. Supp. 2d 437, 439 (E.D. Tex. 2006). Finally, regarding the public interest, a court should consider any negative impacts an injunction would have on the public. *See, e.g., id.*

i.   *Plaintiffs Have Failed to Show Irreparable Harm*

In *eBay*, the Supreme Court considered a motion for permanent injunction in a patent infringement action. 547 U.S. at 390. At the trial level, the district court denied injunctive relief on the grounds that a "plaintiff's willingness to license its patents" and "its lack of commercial activity in practicing the patents" "would be sufficient to establish that the patent holder would not suffer irreparable harm if an injunction did not issue." *Id*. at 393. The Federal Circuit reversed the district court by applying a "general rule . . . that a permanent injunction will issue once infringement and validity [of the patent] have been adjudged." *Id*. at 393-94. The Supreme Court reversed, holding that both courts erred by applying "categorical rule[s]" to evaluate the requested injunctive relief. *Id*.

Two years after *eBay*, the Supreme Court in *Winter v. Natural Resources Defense Council, Inc.* considered, in an environmental case, the standard for showing irreparable harm in the context of a preliminary injunction. 555 U.S. 7, 12 (2008). In *Winter*, both lower courts "held that when

a plaintiff demonstrates a strong likelihood of prevailing on the merits, a preliminary injunction may be entered based only on a 'possibility' of irreparable harm." *Id*. at 21. The *Winter* court rejected this approach as inconsistent with the "frequently reiterated standard requir[ing] plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction." *Id*. at 22.

Here, Plaintiffs have done nothing more than parrot the legal standard related to irreparable harm merely alluding to a purported loss of market share without providing any factual basis. This unsupported, speculative, self-serving argument falls far short of demonstrating irreparable harm as required by *eBay* and *Winter*. Furthermore, Achedaway voluntarily ceased selling the accused products in April of 2023, prior to Plaintiffs filing of this lawsuit. *See* Decl. of Shaowen Tian at ¶ 3, attached hereto as Exhibit A. Similarly, Recoverfun ceased selling the accused products upon receiving notice of this lawsuit. Decl. ZhiYu Huang at ¶ 3, attached hereto as Exhibit B. As such, Plaintiffs cannot make the requisite showing that Defendants must be enjoined to prevent further harm to Plaintiffs, much less irreparable harm.

Accordingly, the PIO should be dissolved because Plaintiff has failed to show irreparable harm.

    ii.   *No Reasonable Likelihood of Success*

The presumption of validity does not relieve a patentee who moves for a preliminary injunction from carrying the nominal burden of demonstrating that it will likely succeed on all issues at trial, even when the issue concerns the patent's validity. *New England Braiding Co., Inc. v. A.W. Chesterton Co.*, 970 F.2d 878, 882 (Fed. Cir 1992). Despite the presumption of validity, "at the preliminary injunction stage, because of the extraordinary nature of the relief, the patentee carries the burden of showing likelihood of success on the merits with respect to the patent's

validity, enforceability, and infringement." *Nutrition 21 v. U.S.*, 930 F.2d 867, 869 (Fed. Cir. 1991). The patentee must make a "clear showing" that it is likely to prevail at trial. *Atlas Powder Co. v. Ireco Co.*, 773 F.2d 1230, 1233 (Fed. Cir. 1985). If the accused infringer raises a "substantial question" concerning validity, enforceability or infringement (that is, asserts a defense that the patentee cannot prove "lacks substantial merit"), then the preliminary injunction should not issue. *Genentech, Inc. v. Novo Nordisk*, 108 F.3d 1361, 1364 (Fed. Cir 1997); *National Steel Car, Ltd. v. Canadian Pacific Railway, Ltd.*, 357 F.3d 1319, 1325 (Fed. Cir. 2004).

In this case, Plaintiffs cannot show a reasonable likelihood of success on the merits as the Asserted Patent is invalid in the face of the prior art. In their Complaint, Plaintiffs accuse Defendants[1] of infringing "at least claim 1 of the '482 Patent." Complaint at ¶ 18 (Dkt. No. 1). Claim 1 is reproduced below.

> 1. A percussive massager comprising:
>
> a housing;
>
> a piston having a proximal end and a distal end, the distal end of the piston having a substantially cylindrical bore;
>
> a motor at least partially within the housing and operatively connected to the proximal end of the piston, wherein the motor is configured to cause the piston to reciprocate at a first speed;
>
> a drive mechanism that controls a predetermined stroke length of the piston; and
>
> a quick-connect system comprising the distal end of the piston and a first massaging head, wherein the quick-connect system is configured to secure the first massaging head to the percussive massager by a proximal end of the massaging head being slid into the bore while the piston reciprocates the predetermined stroke length at the first speed.

While Defendants have not yet performed an in-depth prior art search, even the brief cursory search performed in preparing this motion reveals at least one prior art reference which

---

[1] The Complaint accused all Defendants of infringement while failing to show how each of the accused products infringes each element of the asserted claims. *See* Complaint at ¶ 18 (Dkt. No. 1).

anticipates or renders obvious the claims of the Asserted Patent. For example, the Chinese Patent No. 101035496 B—filed on August 26, 2008—discloses a massage device with a housing, a piston with a cylindrical bore and "quick connect system) shown as 130 and 70 below. Furthermore, it discloses a motor (shown as 180 and 182) connected to a piston rod and piston cap (shown as 151 and 152) connected to a drive mechanism (shown as 100).



CN Patent No. 101035496 B to Figs. 2, 7, and 9, attached hereto as Exhibit C-1. As such, Plaintiff's Motion should be denied as Plaintiffs cannot show a reasonable likelihood of success that the Asserted Patent is not invalid as anticipated—or at least rendered obvious—by, at least, the prior art reference cited. In fact, during prosecution, to overcome the prior art cited, the inventor stated the prior art cited failed "to teach or suggest a quick release connector that is

configured to connect a first massage head **while the piston moves the predetermined stroke length at the first speed.**" June 7, 2023, Remarks Made in Amendment at 5, attached hereto as Exhibit C-2. Given that CN Patent No. 101035496 B clearly discloses the exact same quick release mechanism as the Asserted Patent, and is also directed to a massage device, it without question renders claim 1 of the Asserted Patent obvious in light of the patentee's own statements made during prosecution. As such, Plaintiffs' Motion should be denied as it cannot show a strong likelihood of success given that the claims of the Asserted Patent are almost certainly invalid as anticipated and/or obvious in light of the prior art.

### b. The Asset Restraint Must be Denied

Even if this Court were to find entry of a preliminary injunction proper, it should deny Plaintiffs' Motion to the extent is seeks to improperly freeze Defendants assets prior to judgement in violation of controlling law and order Amazon.com, Inc. to release and holds or freezes placed on Defendants funds resulting from the Temporary Injunction entered in this matter.

Courts are precluded from issuing assets restraints prior to entry of judgement in cases where a plaintiff seeks a purely monetary judgment. *See Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 119 S. Ct. 1961, 144 L. Ed. 2d 319 (1999) ("[W]e hold that the District Court had no authority to issue a preliminary injunction preventing petitioners from disposing of their assets pending adjudication of respondents' contract claim for money damages."). The Supreme Court in *Grupo Mexicano* specifically distinguished between a claim seeking money damages—which do not permit prejudgment asset restraints—and one based in equity, which the Court distinguished. As such, the rule is clear that a court may not issue a prejudgment asset restraint for a cause of action solely for monetary damages. *See id.* at 333. Conversely, a court may issue an asset restraint for a cause of action seeking purely equitable

relief. *See id.* at 324-326; *see also SEC v. ETS Payphones, Inc.*, 408 F.3d 727, 734 (11th Cir. 2005) (holding no abuse of discretion in ordering asset freeze in case for both equitable and monetary relief).

However, the amount restrained cannot be based on purely monetary damages. *Grupo Mexicano*, 527 U.S. at 333 (holding that district courts may not enter preliminary injunctions preventing defendants from disposing of assets pending adjudication of claims for money damages); *Rosen v. Cascade Int'l, Inc.*, 21 F.3d 1520, 1529-30 (11th Cir. 1994) (holding that district courts have no general equitable power to freeze assets where the plaintiff seeks only a judgment for money damages); *Klipsch Grp., Inc. v. Big Box Store Ltd.*, 2012 U.S. Dist. LEXIS 153137, at *36 (S.D.N.Y. 2012) (rejecting asset freeze amount tied to potential statutory damages under Lanham Act, and reducing asset freeze from $2 million to $20,000 based on the defendants' showing of minimal profits from allegedly infringing sales). In other words, "the inclusion of a prayer for equitable relief in Plaintiff's Complaint does not permit the Court to freeze assets to preserve possible legal damages". *Klipsch*, 2012 U.S. Dist. LEXIS 153137, at *21.

Here, Plaintiff has sought and obtained an asset restraint when its sole allegations are for patent infringement. As such, Plaintiff's only remedy flows from 35 U.S.C. § 385 which allows patent owners damages "adequate to compensate for the infringement, but in no event less than a reasonably royalty for the use made of the invention by the infringer". 35 U.S.C. § 284. Thus, Plaintiffs are limited to a claim for monetary damages in the form of a reasonable royalty, not equitable relief such as disgorgement of profits. *See* 35 U.S.C. § 284; *see also Daka Rsch., Inc. v. Individuals, P'ship*, No. 22-CV-60246-WILLIAMS/VALLE, 2023 U.S. Dist. LEXIS 122528, at *13 (S.D. Fla. 2023) (noting claim for reasonable royalty for patent infringement is for "monetary damages"). Given that Plaintiffs potential damages are purely monetary in nature rather than

equitable, Plaintiffs' Motion must be denied as it seeks an impermissible prejudgment asset restraint and this Court must enter an order requiring Amazon.com, Inc. to release any funds frozen as a result of the Temporary Restraining Order (Dkt. No. 15).

## II.     CONCLUSION

This Court should deny Plaintiffs' Motion outright. As shown above, Plaintiffs failed to—and in fact cannot—show that a threat of irreparable harm exists as Defendants are no longer undertaking the acts complained of, with one Defendant ceasing sales prior to the filing of this lawsuit. Furthermore, Plaintiffs cannot show a reasonable likelihood of success on the merits as even the cursory searched performed during the preparation of this response reveals the Asserted Patent is most likely invalid as anticipated or rendered obvious by the prior art. Finally, even if the Court were to find entry of an injunction proper, Plaintiffs' Motion must be denied to the extent that it seeks an improper prejudgment asset restraint for purely monetary damages in violation of controlling law. Furthermore, for the same Reasons, this Court must not only deny the requested asset restraint, but should enter an order requiring Amazon.com, Inc. to release any holds or freezes placed upon Defendants accounts placed as a result of the Temporary Restraining Order.

DATED May 30, 2024.                                          Respectfully submitted,

                                                             s/ Benjamin W. Dowers

                                                             Benjamin W. Dowers
                                                             Fla. Bar No.: 91401
                                                             bwd@guntherlegal.com
                                                             Gunther Legal, PLLC
                                                             1800 SE 10th Ave, Suite 200
                                                             Fort Lauderdale, FL 33316
                                                             954-556-1487

                                                             **Attorneys for Defendants**

-11-

## CERTIFICATE OF SERVICE

On May 30, 2024, I filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Florida, using the CM/ECF System which will send notification of said filing to all counsel of record.

*/s/ Benjamin W. Dowers*
Benjamin W. Dowers