UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-cv-21791/ALTMAN-SANCHEZ

Hyper Ice, Inc. and Hyperice IP Subco, LLC,

    Plaintiff,

v.

The Individuals, Corporations,
Limited Liability Companies,
Partnerships, and Unincorporated
Associations Identified on Schedule A,

    Defendants.
_____/

## MOTION TO DISMISS

Defendants ROTAI SPORTS & RELAX (#7 on Schedule A) and WATTNE-US (#1 on Schedule A) (the "Moving Defendants") hereby request dismissal for Plaintiff's failure to comply with Fed. R. Civ. P. 20 and 35 U.S.C. § 299(a).

Joinder is only proper if there is "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20. Further, in patent cases, joinder is only proper if there is the "same accused product or process." 35 U.S.C. § 299(a).

In the Status Conference held May 30, 2024 [47], in regard to the defendants that appeared at that time, the Court properly found that the Plaintiff had misjoined the defendants under Fed. R. Civ. P. 20. Accordingly, it dismissed those defendants from this case [ECF NO. 49]. Joinder of the Moving Defendants is improper as well, as plaintiff has not alleged relief to be joint or several and it is indisputable that the relief requested did not arise out of the same transaction, occurrence, or series of transactions or occurrences. *See* Fed. R. Civ. P. 20. Further, as the Moving Defendants

CASE NO. 1:24-cv-21791/ALTMAN-SANCHEZ

were not sued regarding the "same accused product or process" as the other defendants, joinder was improper under 35 U.S.C. § 299(a) as well.

Accordingly, dismissal of the Moving Defendants from this case is respectfully requested.

### **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Dated: June 3, 2024
      Boca Raton, Florida

Respectfully submitted,

_____
Eric Lee (Bar No. 961299)
leez@leeamlaw.com
Lee & Amtzis, P.L.
5550 Glades Road, Suite 401
Boca Raton, FL  33431
Telephone:  (561) 981-9988

Allen Justin Poplin (KS Bar No. 21598)
*Pro hac vice* pending
JPoplin@AvekIP.com
AVEK IP, LLC
7285 W. 132nd Street, Suite 340
Overland Park, KS 66213
Telephone:  (913) 303-3841

**Attorneys for Defendants**
**ROTAI SPORTS & RELAX**
**WATTNE-US**

CASE NO. 1:24-cv-21791/ALTMAN-SANCHEZ

## SERVICE LIST

**Attorneys for Plaintiff**
**Hyper Ice, Inc. and Hyperice IP Subco, LLC**

Epstein Drangel LLP
Kenneth W. Cohen, Esq.
kcohen@ipcounselors.com
Jason M. Drangel, Esq.
jdrangel@ipcounselors.com
Jodi-Ann McLane, Esq.
jmclane@ipcounselors.com
mail@ipcounselors.com
60 E. 42nd St., Ste. 1250
New York, NY  10165